## D. E. Sowers v. Albert Parker.

### No. 10302.

Rescission of Contract—*mere representation of vendor that land cost him more than it did in fact, not ground for.* A representation by a vendor of land that the tract sold cost him two hundred dollars per acre, when it in fact cost him only one hundred and fifty dollars an acre, is not such a fraudulent representation as will give the purchaser a right to rescind the contract and recover back the whole of the purchase money paid.

Error from Shawnee District Court. Z. T. Hazen, Judge. Opinion filed January 8, 1898. *Affirmed.*

*Wm. R. Hazen, A. H. Case* and *David Overmyer* for plaintiff in error.

*John Guthrie* and *A. Bergen* for defendant in error.

ALLEN, J. The executors of the will of James M. Gillis, deceased, brought suit in the District Court of Shawnee County against Nelson Giles, jr., D. E. Sowers, and others, to recover judgment on three promissory notes, for $4000 each, executed by Giles and wife, and to foreclose a mortgage, on a quarter section of land near Topeka, securing the same, executed by the same parties. The petition alleged that the undivided one-eighth of the land had been conveyed to Sowers, and that as a part of the consideration for the conveyance he had assumed the payment of $3000 of the mortgage debt. Parker was not named in the petition as a party to the action. After proceedings not shown by the record, Sowers, by leave of court, filed an amended answer, in which he alleged that on the second of March, 1887, James M. Gillis, the plaintiff's testator, was the owner of the land described in the petition; that Albert Parker represented to Sowers that he had formed, or was forming, a syndicate for the purchase of the land, that it would cost $200 per acre, that that was the price they would be required to pay for it, and that if Sowers would take an interest in the land, he could have it at cost price, and would be admitted "on the ground floor"; that afterwards, Parker caused Gillis to convey the land to E. D. Giles, Parker's brother-in-law, for a consideration of $24,000; that Giles had no interest in the land, but held it in trust for Parker; that Parker afterwards procured from Giles a deed conveying the land to Nelson Giles, Jr., the consideration named in that deed being $32,000; that no actual consideration passed, but that the conveyance was made at Parker's instance, for his benefit, and to aid him in carrying out his purpose to cheat Sowers; that Nelson Giles, Jr., and his wife, then executed

the mortgage sued on; that thereafter Parker caused Giles to convey the land to one J. R. Jackson; that subsequently Jackson conveyed an undivided eighth of the land to Sowers for a consideration of $4000, by the terms of the deed to which, Sowers assumed the payment of $3000 of the mortgage sued on, and paid to Parker $1000; that all of his dealings were with Parker alone; that Parker deceived him as to the cost price of the land; that in truth he paid but $150 an acre, and knew, at the time he made the statement to Sowers that it would cost $200 per acre, that it would cost but $150; that Sowers relied on Parker's statements, and did not know until within a month or six weeks before filing the answer that Parker's statement as to the cost price of the land was false; that after receiving his deed he had paid $990 on the mortgage; that upon discovering the fraud he and his wife had executed a warranty deed to Parker for the one-eighth interest in the land, and tendered a delivery thereof, which was refused, and that he had demanded from Parker $1990, paid as before stated. He asked that Parker be made a defendant in the case; that his purchase be rescinded, and that he have judgment against Parker for $1990 and interest, less net rents and profits of the land. A summons was issued and served on Parker, who appeared and demurred to the answer filed by Sowers. This demurrer being overruled, he filed an answer denying the averments of Sowers' answer and pleading the Statute of Limitations. The case coming on for trial, judgment was rendered against Giles and wife for the amount due on the notes and against Sowers for $2010 on his assumption, and in favor of Parker on the issues joined between himself and Sowers. Thereupon, Sowers moved for a new trial, which was granted as to the issues between himself and Parker.

Afterwards, the case came on for trial on the issues between Sowers and Parker, and a verdict for $2546.30 was returned in favor of Sowers. Parker thereupon moved for a new trial, and his motion was sustained on the grounds, as stated in the record: 1, That the court erred in giving the sixth instruction. 2, That the representation of Parker as to the cost price of the land, was not such a fraud as entitled Sowers to rescind the contract; and, 3, That the court should have given an instruction to the effect that, to entitle Sowers to rescind, the jury must find that the false representations induced him to enter into the contract, and that but for such false representations he would not have entered into it. This proceeding is brought to reverse the order granting the new trial.

Many questions are discussed in the briefs, but as a single proposition is decisive of the case it is unnecessary to consider anything further. There is no averment that Sowers was deceived by anything that Parker said or did as to the quantity, character, or actual value of the land purchased. The claim of fraud is based solely on the proposition that Parker stated that the land had cost him $200 an acre, when it had, in fact, cost him but $150. This is not such a false representation as entitled Sowers to rescind the contract. *Holbrook v. Connor,* 60 Me. 578; *Hemmer v. Cooper,* 8 Allen, 334; *Cooper v. Lovering,* 106 Mass. 77; *Tuck v. Downing,* 76 Ill. 71; *Graffenstein v. Epstein,* 23 Kan. 443; *Burns v. Mahannah,* 39 id. 87, 17 Pac. 319; *Elerick v. Reid,* 54 id. 579, 38 Pac. 814.

The case was tried under the claim and on the theory that Sowers purchased his interest in the land from Parker. If he purchased it at the fixed price of two hundred dollars an acre it is impossible to see how the fact that Parker had bought it at any less

price would tend to defraud him. He got the very property he bargained for, and got it at the price he agreed to pay. He was not interested in the question whether the purchase and sale by Parker had been a winning or losing speculation. Under the statements of the amended answer Sowers was not entitled to rescind, nor to the verdict which he obtained. There was therefore no error in granting a new trial.

Whether, under pleadings differently framed, Sowers might recover the difference between one hundred and fifty and two hundred dollars per acre, is not before us for consideration; but, at the utmost, under the facts disclosed, he could not claim more than a purchase of the land at the rate of one hundred and fifty dollars an acre. He alleges nothing tending to excuse him from payment at that rate.

The order of the district court is affirmed.